# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 04-4112

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

QUILL R. HAWK,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04-CR-116-C-01—**Barbara B. Crabb**, *Chief Judge.*

ARGUED JUNE 6, 2005—DECIDED JANUARY 17, 2006

Before ROVNER, WOOD, and WILLIAMS, *Circuit Judges.*

WOOD, *Circuit Judge.* Between the appearance of *Blakely v. Washington*, 542 U.S. 296 (2004), in which the Supreme Court found that Washington state's sentencing scheme violated the Sixth Amendment, and that of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), in which the Court extended *Blakely*'s holding to the federal Sentencing Guidelines, the federal sentencing world was in limbo. No one knew whether the Court would distinguish the Guidelines from the state law it had considered in *Blakely*, scrap the Guidelines altogether, or come up with some intermediate ruling. This case concerns a sentence imposed during this period of uncertainty. Although the district court was

remarkably prescient and predicted the outcome of *Booker* by treating the Guidelines as merely advisory, it moved a little too quickly through Quill R. Hawk's sentencing hearing. The court accepted the recommendation in Hawk's Pre-Sentence Report (PSR) of a 121-month term, but it failed to make the findings of fact necessary to support that sentence. This omission prevents us from assessing the reasonableness of the sentence; we therefore vacate Hawk's sentence and remand for resentencing.

# I

On September 29, 2004, Hawk pleaded guilty to one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). As part of his plea agreement, Hawk admitted that "the United States can prove . . . beyond a reasonable doubt [that] the total offense conduct involved at least 100 grams but less than 200 grams of [powder] cocaine." Based on this admission, the Probation Office recommended that the court sentence Hawk to between 30 and 37 months in prison. The government objected. In its view, the plea arrangement addressed only what the government could prove beyond a reasonable doubt and did not consider other relevant conduct, particularly evidence of crack distribution. The Probation Office reconsidered its recommendation, revising its recommendation upward by more than seven years to between 121 and 151 months in prison.

Hawk was not pleased with the new recommendation. At his sentencing hearing, his counsel objected to the PSR, stating, "we [ ] take the utmost exception to the calculations . . . and we think that the recommendation violates the Sixth Amendment under *Booker* [the Seventh Circuit's version, see 375 F.3d 508 (7th Cir. 2004)] and *Blakely*." The court asked Hawk whether he had any other objections, and Hawk said that he did not. Before imposing sentence, the

court expressed its concern about Hawk's lengthy criminal history dating back to the age of 11 and the likelihood that Hawk would commit future crimes even if sentenced to a "lengthy prison term." Turning to actual pronouncement of Hawk's sentence, the court stated:

> You haven't stipulated to the facts and enhancements to the sentencing guidelines that increase your sentence in relation to the cocaine base that's attributable to you, and you haven't waived your right to a jury determination of those facts. Therefore, I will not impose a sentence using the sentencing guidelines. Instead, I will impose a sentence consistent with provisions set forth in 18 U.S.C. § 3553(a) using the November 2004 guidelines manual as advisory and as a reliable indicator in determining the appropriate sentence within the statutory limits of the count of conviction.

Although the district court could not have known it at the time, its approach to the Sentencing Guidelines— treating them as advisory, and focusing on the factors in 18 U.S.C. § 3553(a)—perfectly foresaw the Supreme Court's *Booker* decision. See *Booker*, 125 S. Ct. at 766-67. The district court sentenced Hawk using the revised recommendation in the PSR to 121 months' imprisonment. While the court briefly mentioned some of Hawk's individual circumstances, it never adopted the PSR or formally found that Hawk had distributed an additional four ounces of crack, in addition to the powder cocaine distribution he had acknowledged. At the time, neither Hawk nor his counsel objected to this oversight.

## II

On appeal, Hawk claims that he is entitled to resentencing because the district court failed to create a factual foundation that would support his 121-month sentence. The

government argues that Hawk has forfeited this argument by failing to raise it before the district court. Hawk disagrees, arguing that his objection to the revised PSR recommendation was broad enough to encompass his present argument on appeal, but we think that the government has the better of this exchange. Hawk's argument in this court concerns the district court's handling of the facts, not the facts themselves. His objection before the district court, in contrast, focused on the factual underpinnings of the PSR. He made no objection to the district court's decision to skip formal factual findings. In fact, the only objection Hawk made occurred before the court adopted the PSR recommendation. For his objection to have been broad enough to encompass his present argument, we would have to treat it as an objection to something that had not yet occurred. Hawk was given an opportunity to object after the court imposed the 121-month sentence and he failed to do so.

Hawk has therefore forfeited his argument that the district court's findings of fact were inadequate. See *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000) ("One forfeits his rights by failing to assert them in a timely manner. Where waiver is accomplished by intent, forfeiture comes about through neglect.") (internal citation omitted). Hawk's forfeiture does not preclude relief, as a waiver would, but it does mean that we review his new contention for plain error. See FED. R. CRIM. P. 52(b). Generally, determining whether such an error exists is a four-step process: "we must decide (1) whether there was an error at all, (2) whether it was plain, (3) whether it affected the defendant's substantial rights, and (4) whether (if the first three factors are present) it seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Nance*, 236 F.3d 820, 824 (7th Cir. 2000).

Hawk is correct that the district court erred; it should have made the necessary factual findings to support the

advisory Guidelines range it used. Even in the post-*Booker* era, the first step in imposing a sentence is properly to calculate a Guidelines range. See *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005); *Booker*, 125 S. Ct. at 767. "Our cases require that when a district judge sets a defendant's base offense level by aggregating drug quantities from uncharged or unconvicted conduct, the judge must explicitly state and support, either at the sentencing hearing or (preferably) in a written statement of reasons, its finding that the unconvicted activities bore the necessary relation to the convicted offense." *United States v. Patel*, 131 F.3d 1195, 1203 (7th Cir. 1997) (internal quotations omitted). We review findings about relevant conduct—and particularly calculations about the amount of drugs involved in an offense— for clear error, even in the post-*Booker* era. See *United States v. Ortiz*, 2005 WL 3358920, at *4 (7th Cir. Dec. 12, 2005). "A finding of fact is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* Without a clear statement of the rationale for the court's decision to include the crack as relevant conduct, we cannot evaluate whether that decision was proper or constituted clear error.

Under § 1B1.3(a)(2) of the Sentencing Guidelines, a defendant is not responsible for all drug transactions revealed by the record, but only for those that are "part either of the same course of conduct as the charged offense or of a common scheme or plan including the charged offense." *United States v. Crockett*, 82 F.3d 722, 730 (7th Cir. 1996). Without findings from the district court, we cannot say whether Hawk's purported crack sales met these criteria. *Cf. United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005) ("When the district judge omits findings about contested amounts of restitution, it may be impossible to tell whether the legal rules have been applied correctly.");

*United States v. Cunningham*, 429 F.3d 673, 679-80 (7th Cir. 2005) (requiring the district court to provide analysis when rejecting a defendant's § 3553(a) arguments because "whenever a district judge is required to make a discretionary ruling that is subject to appellate review, we have to satisfy ourselves, before we can conclude that the judge did not abuse his discretion, that he exercised his discretion, that is, that he considered the factors relevant to that exercise").

As we noted earlier, even though the Guidelines are no longer mandatory, sentencing courts still must consider and properly calculate a defendant's Guidelines range. See *Booker*, 125 S. Ct. at 767 ("The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."); see also *United States v. Skoczen*, 405 F.3d 537, 549 (7th Cir. 2005) ("[T]he Guidelines do retain force even though they are no longer mandatory, and thus errors in their application remain relevant."). An incorrect application of the Guidelines requires resentencing. See *United States v. Scott*, 405 F.3d 615, 617 (7th Cir. 2005). Given the uncertain status of the Guidelines at the time of Hawk's sentencing, the court's course of action is understandable. Nonetheless, its failure to make these findings was an error and, given the essential character of these facts, we find that error plain.

Hawk's 121-month sentence is not supported by his own admissions, a jury's findings, or the court's own factual conclusions. Without the additional relevant conduct, Hawk would have been facing a relatively brief advisory Sentencing Guidelines range of 30 to 37 months. The 84-month gap between what the properly supported facts justified and what Hawk actually received affects his substantial rights and the fundamental fairness of the proceedings. Accordingly, Hawk has satisfied the final two plain error factors and must be resentenced.

### III

For these reasons, we VACATE Hawk's current sentence and REMAND for resentencing.

A true Copy:

   Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*