**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted August 9, 2005
Decided April 4, 2006

*Before*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-2526

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Appeal from the United States |
| *Plaintiff-Appellee,* | ) | District Court for the Northern |
| | ) | District of Indiana, Fort Wayne |
| | ) | Division |
| *v.* | ) | |
| | ) | No. 02 CR 71-2 |
| COREY A. SMITH, | ) | |
| | ) | **William C. Lee**, *Judge*. |
| *Defendant-Appellant.* | ) | |

## O R D E R

This case returns to us following re-sentencing of defendant Corey Smith in the wake of the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). *See United States v. Smith*, 393 F.3d 717, 720 (7th Cir. 2004). The district judge on remand re-sentenced Smith to the same prison term it had originally imposed, recognizing that it now had discretion to impose a sentence outside of the advisory Guidelines range. R. 101; R. 106 at 5-6. Smith again appealed, but his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396

(1967), contending that no non-frivolous grounds for appeal remain at this point.[1]

On October 7, 2005, we issued an order directing Smith's counsel to address two issues that we identified as potentially meritorious:  (1) whether the district complied with its obligation to consider the sentencing factors set forth in 18 U.S.C. § 3553(a), *see Booker*, 543 U.S. at 259-60, 125 S. Ct. at 764-65; *United States v. Dean*, 414 F.3d 725, 728 (7th Cir. 2005), given that the court did not mention section 3553(a) or the factors set forth therein when it re-sentenced Smith; and (2) whether Smith's sentence is reasonable, *see Booker*, 543 U.S. at 260-61, 125 S. Ct. at 765; *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 106 (2005), and *cert. denied*, 126 S. Ct. 1343 (2006). We asked Smith's attorney either to brief the merits of these issues or, in the alternative, to file a supplemental *Anders* brief explaining why he believes that no non-frivolous argument can be made as to either issue.

Concluding that Smith cannot make a non-frivolous argument on either of the two issues we raised, Smith's counsel has filed a supplemental *Anders* brief setting out the rationale that has led him to this conclusion.  With respect to the section 3553(a) sentencing factors, Smith's counsel points out that when it re-sentenced Smith, the court referred to and incorporated  the reasons it had given for imposing the same sentence at Smith's first sentencing hearing.  R. 106 at 6. Those reasons, although they were not articulated with express reference to section 3553(a), were consistent with the types of sentencing factors set forth in section 3553(a).  As for the reasonableness of the sentence, Smith's counsel observes that because it falls within the advisory Guidelines range, it is presumptively reasonable.  Counsel represents that he knows of no circumstance that would rebut this presumption.

Having reviewed the record, we agree that Smith is unable to make a non-frivolous argument that his sentence is invalid because the district court did not expressly cite and consider the section 3553(a) sentencing factors in re-sentencing Smith.  We have previously stated that a district court is not obliged to discuss those factors exhaustively, *United States v. George*, 403 F.3d 470, 472-73 (7th Cir.), *cert. denied*, 126 S. Ct. 636 (2005), or even to cite section 3553(a), *United States v. Laufle*, 433 F.3d 981, 987-88 (7th Cir. 2006), so long as the record assures us that the court gave meaningful consideration to the types of sentencing factors that the statute identifies, *id.* at 987 (citing *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 1182 (2006)); *see also United States v.*

---

[1]  The court invited Smith to file a response to his counsel's *Anders* brief, but Smith did not do so.

*Cunningham*, 429 F.3d 673, 676 (7th Cir. 2005). In this case, the court's remarks on re-sentencing Smith were quite brief; as we noted in our October 7, 2005 order, the court treated the proceeding more as a remand pursuant to *Paladino*, 401 F.3d at 483-84, than as a de novo re-sentencing. *See* R. 106 at 4-6. No doubt, the brevity of the court's rationale for imposing the same sentence is due in large part to the fact that the parties themselves made only abbreviated arguments on remand: the government contended that the court should impose the same sentence for the same reasons it had originally, while Smith contended that a lesser sentence was warranted given that the judge's finding on obstruction of justice had increased the Guidelines sentencing range. The court considered and rejected the latter argument, and otherwise noted that it believed the same sentence was warranted for the same reasons that it had articulated at the original sentencing. R. 106 at 6. As Smith's counsel points out, the findings set forth in the detailed pre-sentencing memorandum that the court issued in advance of the original sentencing (resolving Smith's objections to the probation officer's pre-sentence report) track a number of the sentencing factors set forth in section 3553(a). For example, the court not only found that Smith had intentionally lied during his trial testimony, but it also rejected Smith's contention that a Criminal History Category of II was inappropriately high along with Smith's contention that a downward departure was warranted based on his adverse home environment while he was a child, his prior drug use, and his educational background. R. 81. In resolving these issues, the court was necessarily taking into account such factors as the history and characteristics of the defendant, the gravity of his criminal conduct, the need to promote respect for the law and to provide just punishment for the offense, and avoid unwarranted sentencing disparities among similarly-situated defendants. *See* § 3553(a) (1), (2), and (6). On the other hand, now that *Booker* has rendered the Sentencing Guidelines advisory, these statutory sentencing factors have become more important, *see Dean*, 414 F.3d at 728, and district judges have much more leeway than they did prior to *Booker* to rely on these broad criteria in fashioning an appropriate sentence. Arguably, then, the district court's implicit consideration of these criteria at the original sentencing did not relieve the court of the obligation to weigh the statutory sentencing factors anew on re-sentencing.

Yet, even if we assume that the court should have given the section 3553(a) factors more attention, we can discern no potentially meritorious basis for contending that Smith was harmed by the omission. First, the court understood that in the wake of *Booker* and pursuant to this court's remand, it had the authority to impose a different sentence than the one originally imposed, including one outside of the now-advisory Guidelines. The court considered that possibility and, based on the totality of the circumstances, concluded that a different sentence was not warranted. Second, the court gave the parties the opportunity on re-sentencing to identify any factors that supported a sentence within or without the Guidelines

range.  Third, as we have noted, Smith argued only one circumstance – the obstruction of justice enhancement, based on the judge's finding that Smith had perjured himself at trial – that in Smith's view warranted a sentence below the Guidelines range.  The court considered that circumstance and concluded that it did not justify a different sentence.  Fourth, as we discuss below in regard to the reasonableness of the sentence, nothing in the record stands out as a circumstance so unusual in kind or degree as to demand a sentence below the Guidelines range.  Under these circumstances, the court's omission to expressly consider the section 3553(a) factors in re-sentencing Smith was harmless.

Having reviewed the record, we further conclude that no arguably meritorious argument can be made that Smith's re-imposed sentence is unreasonable.  Because it is within the range recommended by the Sentencing Guidelines, the sentence is presumptively reasonable, and Smith would bear the burden of rebutting that presumption.  *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

The sole ground that Smith has preserved as a basis for contending that the sentence is unreasonable is the obstruction of justice enhancement pursuant to section 3C1.1 of the Guidelines.  Smith emphasized below that the enhancement was based on a judicial rather than a jury determination that he had given false testimony at trial.  However, the Supreme Court's decision in *Booker* solved the Sixth Amendment problem presented by such enhancements not by requiring jury findings as to the underlying facts but rather by severing and excising the statutory provision compelling courts to follow the Sentencing Guidelines.  *See Booker*, 543 U.S. at 258-59, 125 S. Ct. at 764.  District courts remain obliged to consult the Guidelines in arriving at an appropriate sentence, and for that purpose they must apply the relevant Guidelines provisions and make the necessary factual determinations just as they did before *Booker*.  *See, e.g., United States v. Della Rose*, 435 F.3d 735, 738 (7th Cir. 2006).  Thus, the fact that the obstruction enhancement was based on a factual determination by the judge rather than the jury is neither here nor there vis-à-vis the reasonableness of the sentence.  Smith went on to suggest below that the increase in his offense level and the resulting sentencing range triggered by the enhancement was out of proportion to the conduct on which the court had based the enhancement.  But the district court reasonably rejected that suggestion, noting that Smith had not simply denied his guilt when he took the witness stand at trial, but had given testimony rife with "misinformation and obfuscation".  R. 106 at 6.  In short, the obstruction enhancement and the resulting increase in Smith's offense level and sentencing range does not call into question the reasonableness of his sentence.

Any other basis for challenging the reasonableness of the sentence was not

argued below, and we would assess such a ground pursuant to a plain-error standard. *E.g.*, *United States v. Hawk*, 434 F.3d 959, 961-62 (7th Cir. 2006). Having independently reviewed the record, we have found no other circumstance so compelling that it might be thought to rebut the presumptive reasonableness of Smith's Guidelines sentence. Smith was sentenced based on his participation in the sale of 25.47 grams of crack cocaine to an undercover police detective. Although it was co-defendant Alonzo Grant who negotiated the transaction with the detective, Smith was, as the district court noted, "clearly right at the heart of the transaction." R. 81 at 12 n.8. The Guidelines sentencing range in this case was based on the amount of crack cocaine involved in this transaction alone, so there can be no argument that relevant drug quantity was disproportionate to the offense of conviction or Smith's involvement in that offense. According to the probation officer's pre-sentence report, Smith reports having dropped out of school in the ninth grade and having begun to use drugs at the age of 15. He was raised by his mother alone (he saw his father only occasionally), but he described his upbringing as "good." R. 82 at 13 ¶ 82. Although Smith's background can hardly be described as ideal, the record discloses nothing so extraordinary as to suggest that reason demands a sentence outside of the Guidelines range.

For these reasons, finding that there is no non-frivolous ground on which Smith could challenge his sentence at this juncture, we GRANT his counsel's motion to withdraw and summarily AFFIRM his sentence as a reasonable one.