**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 9, 2006[*]
Decided May 19, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1468

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 04-CR-127-C-01 |
| MARK F. BRUMMITT, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

After much procedural wrangling, this criminal appeal has reached the dispositive stage.  The government concedes that Mark Brummitt's sentence is in error, but contends that we lack jurisdiction over the appeal.  We hold that the appeal is timely, accept the government's concession of error, and vacate the judgment and remand for resentencing.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Brummitt pleaded guilty to a one-count indictment charging that in October 2003 he possessed computer disks containing child pornography, *see* 18 U.S.C. § 2252(a)(4)(B). He was sentenced on January 13, 2005. The district court adopted the guidelines calculations of the probation officer, applying the November 2002 edition of the guidelines manual as amended in April 2003 by the PROTECT Act. *See* The Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, 117 Stat. 650 (Apr. 30, 2003). The court began with a base offense level of 15 under U.S.S.G. § 2G2.4(a). The court added two levels under § 2G2.4(b)(1) because some of the subjects in Brummitt's images were younger than 12 years old, two more levels under § 2G2.4(b)(3) because the offense involved the use of a computer, and four levels under § 2G2.2(b)(4) because some of the material included depictions of violence. The court also added two levels under § 2G2.4(b)(2) because Brummitt possessed more than 10 compact discs containing illicit images and five levels under § 2G2.4(b)(5)(D) because the offense involved 600 or more images. After deducting three levels for Brummitt's acceptance of responsibility and timely guilty plea, *see* U.S.S.G. § 3E1.1(a), (b), the court arrived at a total offense level of 27. That, combined with Brummitt's Category VI criminal history, resulted in a guidelines range of 130 to 162 months. The district court sentenced Brummitt to 162 months, the top of that range, as well as a three-year term of supervised release. Brummitt had objected to the upward adjustments under subsections (b)(2) and (b)(5)(D), arguing that the facts supported one or the other but not both; the district court noted his objection but did not expressly rule on it.

The district court entered its judgment on January 28, 2005. On February 4, within the 10-day period specified by Fed. R. App. P. 4(b)(1)(A), Brummitt's trial counsel filed what he captioned as a "Notice of Intent to Pursue Post-Conviction Relief." This filing declares Brummitt's intention to seek "post conviction relief" from his conviction and sentence, and requests appointed counsel with which to do so. Then on February 22, which was beyond the 10-day period, counsel filed in the district court a notice of appeal along with a motion to "enlarge" the time to appeal *in forma pauperis*. The notice, but not the related motion, was forwarded to this court and docketed as case no. 05-1468. On March 1 we issued an order directing Brummitt's counsel to show cause in this court why the appeal should not be dismissed as untimely. We also told him to file a motion in the district court if he wanted an extension of time, not realizing he already had a motion pending. *See United States v. Brummitt*, No. 05-1468 (7th Cir. March 1, 2005). The district court, in ruling on the pending motion on March 2, was understandably puzzled since there is no deadline for seeking pauper status: "I am not sure I understand what defendant's counsel is saying, but I will provide him an opportunity to file a request for an extension of time in connection with both his notice of appeal and his motion for leave to appeal in forma pauperis. No good purpose would be served by not doing so; defendant is entitled to an appeal from his sentence as of right."

Accordingly, the district court gave Brummitt until March 8 to file "a renewed motion for an extension of time for the filing of his notice of appeal . . . setting forth any grounds he may have for a finding of excusable neglect."

Brummitt's trial counsel then filed a motion for a 30-day extension of the appeal deadline on March 7, 2005. He explained that Brummitt had indicated at sentencing that he wished to appeal, but afterward had been returned to Wisconsin authorities to finish an unexpired state sentence and was incommunicado during the 10-day period prescribed by Rule 4(b)(1)(A). Trial counsel explained that because he could not verify his client's wishes he followed the "normal practice to protect the defendant's appeal rights in the local courts," which was to file notice of intent to seek post conviction relief. *See* Wis. Stat. § 809.30(2)(b). The district court granted the motion on March 8, finding that Brummitt had "shown good cause for seeking an extension of time that will enable him to confer with his counsel about appealing." The court's order purports to extend the appeal deadline until April 1, and on that date trial counsel filed a second notice of appeal.

Brummitt's April 1 notice of appeal was docketed in this court as case no. 05-1908. Under that number we ordered Brummitt to show cause why this second appeal should not be dismissed for lack of jurisdiction, noting that Fed. R. App. P. 4(b)(4) permits district courts to extend the time for filing a notice of appeal only 30 days beyond the original due date. *See United States v. Brummitt*, No. 05-1908 (7th Cir., April 20, 2005). The latest the district court could have authorized Brummitt to file a notice, we held, was March 14. *Id.* Brummitt's trial counsel responded that the appeal already had been opened as no. 05-1468 and asked that no. 05-1908 be dismissed. We accordingly dismissed the appeal under that number, but added that Brummitt's "appeal from the judgment in his criminal case proceeds as Appeal No. 05-1468." *United States v. Brummitt*, No. 05-1908 (7th Cir. June 20, 2005).

The government now argues that appeal no. 05-1468 likewise should be dismissed for lack of jurisdiction. We do not agree, and conclude that we do have jurisdiction over this appeal. Brummitt filed his original notice of appeal on February 22, which we docketed as appeal no. 05-1468. This notice of appeal was filed late, but we were satisfied that it conferred jurisdiction after the district court issued its March 8 order granting an extension of time. Although the district court and Brummitt's trial counsel both thought it necessary to file a new notice of appeal *after* the extension was granted, the notice of appeal filed on February 22 was rendered timely by the court's March 8 order. *See United States v. Craig*, 368 F.3d 738, 739 (7th Cir. 2004); *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998). The unnecessary second notice of appeal filed on April 1 generated someconfusion, but the intervening procedural morass in no. 05-1908 has not changed our minds that the February 22 notice, on which the case before us was docketed, is timely by virtue of the filing extension.

The government, nonetheless, argues that the district court abused its discretion by granting that extension. Under Rule 4(b)(4), a district court may extend the time for filing a notice of appeal up to 30 days upon a showing of "excusable neglect or good cause." In determining whether this showing has been made, a district court should consider the entire context, including the reason for and the length and impact of the delay, the danger of prejudice to the nonmoving party, and whether the party responsible for the delay acted in good faith. *See Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005); *see also Brown*, 133 F.3d at 996. Here, trial counsel's failure to understand or abide by the federal rules is unfortunate, but our standard of review is "generous." *United States v. Alvarez-Martinez*, 286 F.3d 470, 472-73 (7th Cir. 2002) (explaining that, "while it is not at all excusable for a lawyer to fail to file a timely notice of appeal in a criminal matter," district courts have "broad powers under rules like . . . Fed. R. App. P. 4 to grant extensions of time"). In *Brown*, an attorney unfamiliar with the federal courts followed Wisconsin state procedure in filing his appeal, causing him to be one day late. *Brown*, 133 F.3d at 996. Although we cautioned that ignorance of the rules is usually not excusable neglect, we also recognized that "the standard is a balancing test, meaning that a delay might be excused even where the reasons for the delay are not particularly compelling." *Id*. at 997. Here, the reason for the delay seems to be both trial counsel's lack of familiarity with the federal rules, and the fact that Brummitt himself was incommunicado until after the 10-day deadline expired. Brummitt's trial counsel informed the district court that Brummitt had expressed a desire to appeal already at sentencing, but we do not believe it was an abuse of the court's discretion to give counsel an extension in order to confer further with his client. Because the government concedes error on the merits, there has not been any substantial prejudice. And, as in *Brown*, "the result of a dismissal would be an untidy one" because Brummitt would simply file a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel, which could ultimately result in a reinstatement of this appeal. *Id*. at 997. Accordingly, we see no abuse of discretion on the part of the district court.

In any event, we note that this appeal would be timely even apart from the February 22 notice of appeal. Brummitt's trial counsel filed a "Notice of Intent to Pursue Post-Conviction Relief" within the 10-day period prescribed by Rule 4, and that submission substantially complies with the requirements for a valid notice of appeal. *See Nichols v. United States*, 75 F.3d 1137, 1140-41 (7th Cir. 1996) (documents that are inconsistent with the rules may constitute the "functional equivalent of a proper notice of appeal"). Under Fed. R. App. P. 3(c)(1)(A) and (B), a notice of appeal must name the parties taking the appeal and the judgment being appealed, and Brummitt's submission includes both. It fails only to "name the court to which the appeal is taken," *see* Fed. R. App. P. 3(c)(1)(C), but the rule itself commands that an appeal "must not be dismissed for informality of form," and thus we have refused to "dismiss on mere technicalities, including in the naming of the

court to which a judgment is being appealed, if the notice as a whole is not misleading." *Bradley v. Work*, 154 F.3d 704, 707 (7th Cir. 1998); *see also Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1125 (7th Cir. 1996). Brummitt's submission was not, as a whole, misleading; it could have no other meaning in context than a notice that Brummitt was appealing the conviction and sentence. Accordingly, even without the February 22 notice of appeal and the extension that made it timely, we would have jurisdiction over this appeal.

Finally, as to the merits of this case, the government concedes that the district court double-counted the illicit images in Brummitt's possession when it calculated his offense level. The district court applied both § 2G2.4(b)(2) (because he possessed more than 10 disks containing illicit images) and § 2G2.4(b)(5)(D) (because he possessed more than 600 images) when it sentenced Brummitt. Subsection (b)(5) provides graduated increases depending on the number of images: two levels for 10 or more, three levels for 150 or more, four levels for 300 or more, and five levels for 600 or more. U.S.S.G. § 2G2.4(b)(5)(A)-(D) (Apr. 30, 2003). We recognized in *United States v. Long*, 425 F.3d 482, 485 (7th Cir. 2005), the potential for double counting when applying both subsection (b)(2) and subsection (b)(5). The problem had already been resolved in 2004 with an amendment that eliminated the separate adjustment in subsection (b)(2), but the district court was compelled to apply the earlier version of the guidelines because the 2004 revisions also increased the base offense level and raised *ex post facto* concerns. *See* U.S.S.G. § 1B1.11(b)(1). And in relying on the older version, the court committed the double-counting error we would later caution against in *Long*.

Because a district court must correctly calculate the guidelines range, even though that range is merely advisory, the government is correct to concede error. *See United States v. Hawk*, 434 F.3d 959, 962 (7th Cir. 2006). But the government goes one step further, and contends that we should instruct the district court to disregard subsection (b)(2), which resulted in a two-level increase, rather than subsection (b)(5)(D), which compels a five-level increase. Brummitt does not contest the government's argument. We agree that at resentencing the district court must disregard subsection (b)(2) because it was later amended out of the guidelines to resolve this very difficulty and is wholly encompassed by subsection (b)(5)(A). *See* U.S.S.G. App. C, vol. II, amend. 596, at 59-60.

The sentence is VACATED, and the case is REMANDED for resentencing consistent with this order.