UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 12, 2006
Decided July 31, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2992

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>WILLIE H. JONES,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 03 CR 799<br><br>James F. Holderman,<br>*Judge.* |

## O R D E R

Willie Jones was convicted after a jury trial on four counts of distributing controlled substances, 21 U.S.C. § 841(a)(1). Applying the Guidelines as advisory, the district court sentenced him to 168 months' imprisonment, the bottom of the range of 168 to 210 months that it calculated. On appeal, Jones contends that the district court miscalculated the guideline range by relying upon the drug quantities that it found under a preponderance standard, rather than using drug amounts found by the jury beyond a reasonable doubt. We affirm the district court's sentence.

**I.**

On four separate occasions in 2002 Jones sold cocaine and crack cocaine to undercover law enforcement officers. A grand jury indicted Jones for distributing controlled substances in September 2003. The indictment had four counts, one for each sale to undercover officers: .30 grams of cocaine on April 17, 2002; .65 grams of crack on May 2, 2002; 1.19 grams of crack on May 17, 2002; and an amount "in excess of five grams" of crack on September 11, 2002.

A jury found Jones guilty on each count. In a response to a special interrogatory regarding Count IV–the only count without a specific quantity in the charge–the jury found "beyond a reasonable doubt that the total amount of cocaine base defendant distributed as charged in Count Four was [m]ore than 5 grams but less than 50 grams."

The United States Probation Office prepared a PSR that recommended an offense level of 32. The PSR relied on reports prepared by the government after the indictment; these reports indicated that Jones was responsible for a total 51.49 grams of crack cocaine. The amount was broken down as follows: .59 grams of crack from the sale on April 17, 2002, rather than the .30 grams of cocaine charged in Count I; .65 grams of crack from the sale on May 2, 2002, as charged in Count II; 2.88 grams of crack from the sale on May 17, 2002, rather than the 1.19 grams of crack charged in Count III; and 47.37 grams of crack from the sale on September 11, 2002, consistent with Count IV.

At the request of the parties, sentencing was delayed until after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). After the *Booker* decision, the district court questioned the propriety of finding Jones responsible for amounts and types of drugs that were listed in the PSR, but were different from the amounts and types charged in the indictment. *See United States v. Macedo*, 406 F.3d 778, 787 (7th Cir. 2005) (holding defendant must be "afforded sufficient notice of the charges against him to prevent any possibility of prejudice"). Prior to the sentencing hearing the government conceded that "in the particular circumstances of this case the defendant should be found responsible for" the amounts and types charged in Counts One and Three of the indictment, rather than the amount reported in the PSR.

At sentencing the government argued that the evidence introduced at trial was sufficient to hold Jones responsible for the 47.37 grams of crack in Count Four. Along with the specific quantities from the first three counts, this brought the total amount of drugs to 49.21 grams and Jones's base offense level to 30. *See* U.S.S.G. § 2D1.1(a)(3), (c)(5). With Jones's criminal history category of VI, the government argued the guidelines range was 168 to 210 months. Jones argued that, absent a

specific jury finding of the precise amount of crack in Count Four, the most crack for which he could be held responsible was 5.1 grams based on the jury's finding an amount of "more than 5 grams, but less than 50 grams." Jones argued the total amount of drugs he was responsible for was therefore only 7.24 grams, resulting in a guidelines range of 120-150 months. The district court found that a preponderance of the evidence established that Jones was responsible for 47.37 grams of crack, consistent with the jury's finding of "more than 5 grams but less than 50 grams." Jones was sentenced to 168 months' incarceration, eight years' supervised release, a $2,000 fine, and a $400 special assessment.

## II.

Although the sentencing guidelines no longer are mandatory, a sentencing court still "must consult those Guidelines and take them into account when sentencing." *Booker*, 543 U.S. at 264. We review the district court's calculations about the quantity of drugs involved in an offense for clear error, *United States v. Hawk*, 434 F.3d 959, 962 (7th Cir. 2006). A finding of fact is clearly erroneous only if, based upon the entire record, we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. Ortiz*, 431 F.3d 1035, 1040 (7th Cir. 2005)).

On appeal, Jones argues that the district judge erred when he found Jones responsible for 47.37 grams of crack for Count Four, because the district judge computed this amount himself under the preponderance of the evidence standard. Jones contends the specific amount of drugs should have been determined by the jury beyond a reasonable doubt. Jones believes that because the jury found in Count Four that he was guilty of distributing more than 5 grams and less than 50 grams of crack, that it was speculation, and therefore error, for the district court to hold him responsible for any amount over 5.1 grams of crack as to Count Four.

Jones bases his argument on the Supreme Court's decision in *Booker*, but in a self-serving manner he misreads that decision. *Booker* held that there is no Sixth Amendment violation where, as is the case here, the guidelines are applied in an advisory manner and the judicial fact-finding does not increase the sentence beyond the statutory maximum. *See Booker*, 543 U.S. at 244; *United States v. Spence*, No. 05-1848, 2006 WL 1598103, at *4 (7th Cir. Jun. 13, 2006). Jones was subject to a statutory maximum sentence of 20 years for each of Counts One, Two, and Three, *see* 21 U.S.C. § 841(b)(1)(C), and forty years for Count Four, *see* 21 U.S.C. § 841(b)(1)(B)(iii). Because the district court recognized that the guidelines were advisory and imposed a sentence well within the statutory maximum, Jones's sentence does not violate the Sixth Amendment.

Jones claims that the decisions this court issued shortly after *Booker* last year, indicating that judicial fact-finding may be based on a preponderance of evidence, should be reconsidered. We refuse to do so. We have repeatedly and consistently held that judges should resolve factual disputes at sentencing by applying the preponderance of the evidence standard. *United States v. Belk*, 435 F.3d 817, 819 (7th Cir. 2006) (holding that defendants who claim a *Booker* error cannot ignore "the remedial portion of that decision, which concluded that judges may continue to make findings based on a preponderance of the evidence, provided that they do not treat the Sentencing Guidelines as 'laws' with binding effect"); *United States v. Robinson*, 435 F.3d 699, 701 (7th Cir. 2006) ("District judges must resolve disputed factual issues, determine relevant conduct by a preponderance of the evidence, and apply the appropriate sentence enhancements in order to compute the advisory guidelines sentence range.") (citations omitted). In clear, specific, and unambiguous language this court has spoken. The Sentencing Guidelines state that it is appropriate to use the preponderance standard to prove facts at sentencing, *see* U.S.S.G. § 6A1.3, cmt., and nothing in the *Booker* decision alters this analysis as it applies to calculating the advisory guideline range.

Finally, upon review we discern no clear error in the district court's finding, under a preponderance of evidence standard, that the quantity of drugs under Count IV was 47.37 grams. The government presented evidence at trial that Jones distributed packages of crack to an undercover officer on September 11, 2002 totaling 47.37 grams. The district court was free to credit this evidence at sentencing when calculating the amount of drugs for which Jones was responsible.

AFFIRMED.