NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted July 18, 2007[*]
Decided July 19, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-2566

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division |
|     *v.* | No. 04 CR 523 |
| DANIEL GARZA,<br>    *Defendant-Appellant.* | Matthew F. Kennelly,<br>*Judge.* |

**O R D E R**

Daniel Garza pleaded guilty to two counts of possessing firearms as a felon, *see* 18 U.S.C. § 922(g)(1), and was sentenced in the middle of the guidelines imprisonment range. On appeal he challenges only the calculation of his total offense level, which the government properly concedes is overstated by two levels. Garza urges us to remand for resentencing, but the government proposes that we

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

first order a limited remand to ask the district court whether it would have imposed the same sentences despite the error. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

In his plea agreement Garza admitted possessing a "Tokerev, Model SKS, 7.62 caliber rifle" and an "Eddystone 1917 .30-06 caliber rifle." The parties agreed that the base offense level should be 24 because Garza had prior violent felony convictions for attempted murder and aggravated battery, *see* U.S.S.G. § 2K2.1(a)(2) (2005), but in drafting the presentence report the probation officer erroneously asserted that the parties had also agreed that at least one of the guns was either an assault weapon or a short-barreled rifle, which, if correct, would bring the base offense level to 26, *see id.* § 2K2.1(a)(1). Based solely upon that misreading of the plea agreement, the probation officer set the total offense level (after other adjustments not contested here) at 27 instead of the agreed-to 25. Combining that offense level with Garza's criminal history category of IV, the probation officer recommended a guidelines imprisonment range of 100 to 125 months. Garza never objected to the mistake in calculating his base offense level, and at sentencing the district court imposed a prison term of 110 months, reasoning that Garza's extensive criminal history warranted "something higher than the low end of the sentencing guideline range."

On appeal Garza asks this court to remand so that he can be resentenced using the correct total offense level of 25. The government confesses error in the application of the guidelines and agrees that a remand for resentencing would be an appropriate remedy, but it suggests as an alternative that we first order a limited remand under *Paladino*, 401 F.3d 471, to ask the district court whether it would have imposed the same sentences had it known that the actual imprisonment range was 84 to 105 months.

We reject the government's reliance on *Paladino*. The first step in sentencing is to calculate the guidelines range correctly, *see, e.g., United States v. Nelson,* ___ F.3d ___, No. 05-3624, 2007 WL 1774056, at *2 (7th Cir. June 21, 2007); *United States v. Hawk*, 434 F.3d 959, 963 (7th Cir. 2006), and a mistake in that calculation warrants resentencing, *see United States v. Hagenow,* 423 F.3d 638, 646-47 (7th Cir. 2005) (remanding for resentencing where miscalculation of defendant's criminal-history score increased imprisonment range); *United States v. Jaimes-Jaimes*, 406 F.3d 845, 850-51 (7th Cir. 2005) (remanding for resentencing where district court overstated defendant's base offense level by eight levels); *United States v. Scott*, 405 F.3d 615, 617, 620 (7th Cir. 2005) (outlining procedure and remanding for resentencing where district court misapplied guidelines by miscalculating offense level).

Accordingly, the sentences are VACATED, and the case is REMANDED for resentencing consistent with this order.