NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 10, 2007
Decided July 25, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

No. 07-1807

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> JANICE CLAYBROOKS, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> No. 06 CR 244 <br><br> J. P. Stadtmueller, <br> *Judge* |

**O R D E R**

Janice Claybrooks pleaded guilty to one count of mail fraud after she was caught double-cashing disability checks issued to her as representative of her four children. In addition to ordering her to pay $7,739.87 in restitution, the district court sentenced her to 12 months and one day of imprisonment and three years of supervised release. On appeal, Claybrooks argues that her prison sentence creates an unwarranted disparity in violation of 18 U.S.C. § 3553(a)(6) because it is longer than the sentences received by a number of "similarly situated" defendants convicted as part of the same crackdown on Social Security fraud. Because Claybrooks's criminal history accounts for the length of her prison sentence, and no unwarranted disparity is evident, we affirm the sentence.

## I.

Claybrooks, a 37-year-old mother of four, was the designated payee for her childrens' Supplemental Security Income benefits. All four children received monthly benefits due to learning disabilities. On 25 separate occasions between 1997 and 2005, Claybrooks falsely reported to the Social Security Administration (SSA) that she needed a replacement check because she had not received a payment. She then cashed both the original and replacement checks—a scheme known as "double negotiation." The SSA calculated losses totaling $11,927.77 as a result of Claybrooks's conduct, although it recouped a portion of that sum by deducting amounts from checks it issued to Claybrooks's children.

In October 2006 a grand jury indicted Claybrooks for two counts of mail fraud, 18 U.S.C. § 1341, and one count of making false statements to the SSA, 42 U.S.C. § 1383(a)(2). She was arrested shortly thereafter, as were a number of other individuals in the Milwaukee area as part of a sweep targeting fraud on the SSA. Claybrooks entered into a written plea agreement with the government. She pleaded guilty to one count of mail fraud based on one instance of double-cashing a check issued to her son Raylonzo Woods in early 2003.

At her sentencing hearing, Claybrooks agreed with the calculations in the presentence investigation report that produced a Guidelines range of 12 to 18 months' imprisonment based on her total offense level of nine and her Category IV criminal history. But she asked for a sentence below the Guidelines—specifically, a sentence of home detention or community confinement—based on her depression and history of substance abuse, as well as her children's need for extra care due to their disabilities. The government declined to make a specific sentencing recommendation but suggested that "a very long term of imprisonment" was not warranted. The government acknowledged that "a couple of other defendants" convicted of similar crimes had been sentenced to home detention in recent days, but it noted that Claybrooks's case was "obviously different" due to her criminal history. The district court imposed a prison sentence of 12 months and one day, reasoning that Claybrooks, while "not public enemy number one," had a lengthy criminal history that included drug offenses and writing bad checks.

## II.

On appeal, Claybrooks primarily argues that her sentence is unreasonable because it "creates an unwarranted disparity between Ms. Claybrooks and similarly situated defendants." Claybrooks also contends that her within-Guidelines prison sentence should not be presumed reasonable because, she argues, a presumption of reasonableness gives undue weight to the Guidelines and thus is inconsistent with *United States v. Booker*, 543 U.S. 220 (2005).

Claybrooks's challenge to our practice of presuming a sentence within a properly calculated Guidelines range to be reasonable, *see United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005), is foreclosed by the Supreme Court's recent decision in *Rita v. United States*, No. 06-5754, 2007 WL 1772146, at *6 (U.S. June 21, 2007). The parties agree that the Guidelines range is properly calculated, and Claybrooks's sentence is at the bottom of the range. Accordingly, we presume the sentence to be reasonable, but she may rebut the presumption by showing that her sentence is unreasonably long in light of specific factors under § 3553(a). *See Mykytiuk*, 415 F.3d at 608.

The sole factor that Claybrooks points to as compelling a lower sentence is § 3553(a)(6), which requires a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Claybrooks asserts that an unwarranted disparity exists because, despite having a "similar" criminal history and amount of loss, she received a harsher sentence than others convicted of the same conduct.

As a preliminary matter, Claybrooks never raised § 3553(a)(6) in the district court; indeed, she never mentioned the 18 similar defendants or the need to impose comparable sentences. Counsel suggested at oral argument that disparities may not be evident until after a defendant's sentencing hearing. But in this case, the government actually referred to "a couple" of similar defendants who had already been sentenced, and still Claybrooks made no mention of § 3553(a)(6). She focused entirely on her "history and characteristics," 18 U.S.C. § 3553(a)(1), and her need for drug treatment, *id.* § 3553(a)(2)(D). Thus Claybrooks forfeited the argument that § 3553(a)(6) compels a below-Guidelines sentence, *see United States v. Vaughn*, 433 F.3d 917, 926 n.14 (7th Cir. 2006), and we will review it only for plain error, *see United States v. Hawk*, 434 F.3d 959, 962 (7th Cir. 2006).

Claybrooks cannot establish plain error—or error at all—for a number of reasons. First, we held in *United States v. Boscarino*, 437 F.3d 634 (7th Cir. 2007), that a sentence within a properly calculated Guidelines range "cannot be treated as unreasonable by reference to § 3553(a)(6)." *Id.* at 638; *see United States v. Babul*, 476 F.3d 498, 501-02 (7th Cir. 2007). In *Boscarino*, we rejected the argument that the difference between the defendant's sentence and that of his codefendant, who had pleaded guilty and assisted the government, amounted to an unwarranted disparity. *See* 437 F.3d at 638. Claybrooks contends, however, that *Boscarino* does not apply because the disparity she points to is between her and 18 similar defendants who received more lenient sentences for virtually identical crimes. Claybrooks's case is indeed factually distinguishable from *Boscarino*, and insofar as that decision makes the point that § 3553(a)(6) does not require similar sentences for codefendants, it is not relevant here.

However, in *Boscarino* we also highlighted the tension inherent in relying on § 3553(a)(6) as a justification for a below-Guidelines sentence; we noted that disparity *increases* when district judges impose non-Guidelines sentences because the Guidelines "are themselves designed to treat similar offenders similarly." *Id.*; *see Babul*, 476 F.3d at 501-02. Moreover, we made the point that only "unwarranted" sentencing disparities are problematic and that valid reasons remain for sentencing similar defendants differently. *Boscarino,* 437 F.3d at 638 ("[A] sentencing *difference* is not a forbidden 'disparity' if it is justified by legitimate considerations."); *see United States v. Duncan*, 479 F.3d 924, 929 (7th Cir. 2007) ("Sentencing differences attributable to properly calculated sentencing ranges . . . cannot be considered unwarranted disparities.").

Claybrooks therefore must establish that a disparity exists as a result of the district court giving her a 12-month prison sentence and that it is unwarranted. She does neither. First, no disparity is evident from the facts provided. For example, two defendants received prison sentences of 15 and 27 months—both *longer* than the term imposed on Claybrooks. And even the defendants who received home confinement, in most cases for 120 or 180 days, did not get sentences that are all that much shorter than Claybrooks's. The limited criminal-history information Claybrooks provides also reveals no disparity. She states that, of the defendants whose information she obtained, two had criminal histories "similar" to hers—both Category III—and received shorter sentences. But Claybrooks is in Category IV, albeit by just one point. More importantly, the district judge emphasized her pattern of check fraud and her drug offenses. The *nature* of the prior offenses, not just the quantity, influenced the decision to impose a prison term, and so simply comparing criminal history categories is unhelpful. *See United States v. Newsom*, 428 F.3d 685, 689 (7th Cir. 2005).

Even if Claybrooks is correct that a disparity exists, she cannot establish that it is unwarranted because she does not provide enough information to allow for meaningful comparison. She lists only the amount of "alleged fraud" in each case, and in some cases she provides a criminal history score. But much more goes into the Guidelines calculations and the ultimate selection of an appropriate sentence. Claybrooks herself argued in the district court that individualized factors such as her drug addiction, mental illness, and family situation compelled a lower sentence. But she does not—and cannot—provide similar information about the other defendants to whom she compares herself. In short, Claybrooks fails to account for the legitimate variations that arise when sentences are based on individualized factors. *See Newsom*, 428 at 689 ("[O]ne needs to know more than the crime of conviction and the total length of the sentence to evaluate disparities; the specific facts of the crimes and the defendant's individual characteristics are also pertinent."); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).

### III.

Claybrooks forfeited her principal argument because she did not ask the district judge to impose a below-Guidelines sentence to avoid an unwarranted sentencing disparity. And she has not established plain error because the information on which she relies does not demonstrate the existence of a disparity, let alone an "unwarranted" one. Accordingly, we AFFIRM the prison sentence.