**Roger G. MONROE, Plaintiff–Appellant,**

v.

**CHILDREN'S HOME ASSOCIATION OF ILLINOIS, Defendant–Appellee.**

No. 97–1773.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 2, 1997.

Decided Oct. 27, 1997.

Daniel G. O'Day (argued), Peoria, IL, for Plaintiff–Appellant.

Julian E. Cannell (argued), Kavanagh, Scully, Sudow, White & Frederick, Peoria, IL, for Defendant–Appellee.

Before ESCHBACH, EASTERBROOK and DIANE P. WOOD, Circuit Judges.

EASTERBROOK, Circuit Judge.

After 22 months as chief fund-raiser ("Vice President for Development") at the Children's Home Association of Illinois, Roger Monroe was relieved of supervisory responsibilities and assigned to a subordinate position

("Director of Major Gifts and Planned Giving"). For the next four months Monroe remained at home, claiming that the negative evaluation made him unable to work; two weeks after being asked for medical confirmation (which he did not supply), Monroe quit and filed this suit, contending that the demotion was the result of age discrimination. The district judge thought it unlikely that the President of the Association, having hired Monroe at 60, would demote him on account of age at 62. But the judge did not have to explore the Association's reasons, because Monroe ignored the Association's motion for summary judgment. A party with the burden of persuasion who arrives emptyhanded on decision day must expect to lose, and Monroe did: the judge concluded that there was no evidence whatsoever that age played a role in the demotion and entered judgment for the Association.

 Monroe's approach in this court is confession and avoidance. He allows that he did not adduce evidence that age led to the demotion (indeed, he did not take any discovery), but he says that this should be excused because his employer found so many shortcomings in his performance that it would have been too burdensome to rebut each one. Monroe wants us to treat the very length and specificity of the Association's critique as a suspicious circumstance that supports a trial. This approach sorely misunderstands not only the nature of antidiscrimination law but also the nature of the judicial process. Like other anti-discrimination laws, the ADEA deals only with *discrimination*. An employer need not have "good cause" to fire or demote an employee; all the federal law requires is that the employer not use age (race, sex, and so on) as a ground of decision. See *Visser v. Packer Engineering Associates, Inc.*, 924 F.2d 655 (7th Cir.1991) (en banc). Thus the plaintiff need not rebut the employer's stated reasons, as if this were a labor arbitration. A plaintiff must instead show that the decision turned on a characteristic the law says employers may not consider. Whether the employer's stated reasons were *wrong* is irrelevant, for a mistake by the personnel department does not violate any federal law; but a demonstration that the assignment of reasons was *dishonest* may

support an inference that the employer is hiding a forbidden reason. See *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993); *Russell v. Acme–Evans Co.*, 51 F.3d 64, 68 (7th Cir.1995). A person who was sacked for trivial transgressions that an employer usually tolerates, or who shows dissimulation in some of the stated reasons, has enough to support an inference that the employer is hiding something. This is what it means to say that a plaintiff may avoid summary judgment by demonstrating that one ground is pretextual, rendering the others fishy. See *Russell v. Acme–Evans Co.*, 51 F.3d 64, 70 (7th Cir.1995); *Lindsey v. Baxter Healthcare Corp.*, 962 F.2d 586, 587 (7th Cir.1992). Yet the Association's reasons were not self-defeating. Its president wrote in an evaluation that Monroe had alienated donors ("I have had both Board and non-Board people talk to me about the negative feelings people have about Roger, and several have said that they will no longer support Children's Home as long as he is here"), wasn't working very hard ("What I was not prepared for was the extensive amount of time Roger is away from the agency and, based on the number of personal visits, this time is not being spent on agency tasks."), and is a poor supervisor ("he has not provided leadership and he has not fulfilled his role as team leader. Much of the time, he is not even available.").

 To get anywhere, Monroe needed either direct evidence of age discrimination or a solid basis for concluding that the evaluation was dishonest in substantial part. He did not offer any such evidence, and herein lies his (or his lawyer's) misunderstanding of the judicial process. For as plaintiff Monroe has the burden of persuasion. He cannot sit back and insist that the defendant negate all possibilities of discrimination; a plaintiff must *prove*, and not just assert, his case. "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.

R.Civ.P. 56(e). Monroe had nothing to go on, and when the defendants offered reasons that, if true, revealed that Monroe's age did not play a role in the demotion, the district judge had no alternative but to grant summary judgment. If proof is difficult, so be it. The plaintiff in an antitrust case can't say: "It is hard to prove the extent of the market, and the defendant's share of sales; let's bypass that toughie." Sometimes a detailed search for explanations is so unlikely to be productive that courts devise rules—the *per se* rule in antitrust, *res ipsa loquitur* in torts—to shortcut the process. But employers do not base discharges and demotions on forbidden factors so often that the plaintiff may skip proof of causation. Federal law addresses a small subset of employment decisions; a plaintiff must show that his case is in that subset. Anti-discrimination laws deal with the expense of proof by requiring employers to pay the attorneys' fees of successful plaintiffs. A litigant who refuses to bear these costs is telling us that he does not expect to be reimbursed—in other words, that he knows that he has a poor case.

 Fee-shifting provisions in the civil rights laws are asymmetric. Prevailing plaintiffs recover their fees routinely, while defendants recover only if the plaintiff's claim is frivolous. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). According to the Association, Monroe's appeal meets that standard. Once he failed to support his claim with evidence, the Association observes, the case was doomed, and the appeal doubly so (because the district court pointed out the problem before Monroe took the appeal). Instead of asking for an award of attorneys' fees directly under the ADEA, the Association filed a motion under Fed. R. Civ. P. 38. Both Rule 38 and the ADEA use a frivolousness standard; we need not decide whether there are subtle differences between the two, because the appeal is frivolous under Rule 38, as we interpreted it in *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 938 (7th Cir.1989) (en banc) ("An appeal is 'frivolous' when the result is foreordained by the lack of substance to the appellant's arguments.... The standard depends on the work product: neither the lawyer's state of mind nor the preparation behind the appeal matter."). The Association filed its Rule 38 motion contemporaneously with its brief. This gave Monroe two opportunities to show that the appeal had enough substance to avoid condemnation as frivolous: a reply brief, and a response to the motion. Adhering to the ostrich-like pose he struck in the district court, Monroe has not deigned to answer his adversary's contentions. He filed neither a reply brief nor a response to the motion. At oral argument counsel came up with the line that when proof is hard the plaintiff should be excused from trying, which just reinforces the impression that the appeal was foredoomed. We therefore grant the Association's motion for sanctions, which will be measured by the reasonable attorneys' fees it incurred in defending the judgment. The Association has 14 days to file a statement of these fees plus statutory costs.

AFFIRMED, WITH SANCTIONS.