In the

# United States Court of Appeals
## For the Seventh Circuit

———————

Nos. 05-2555, 05-2646

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

LUIS GONZALEZ and SANDRA HERNANDEZ,

*Defendants-Appellants*.

———————

Appeals from the United States District Court
for the Northern District of Illinois, Western Division.
No. 04 CR 50019—**Philip G. Reinhard**, *Judge*.

———————

ARGUED AUGUST 9, 2006—DECIDED SEPTEMBER 11, 2006

———————

Before POSNER, COFFEY, and EASTERBROOK, *Circuit Judges*.

POSNER, *Circuit Judge*.   Luis Gonzalez pleaded guilty to conspiring to possess with intent to sell 100 or more kilograms of marijuana. He conceded that because he had two prior convictions for felony drug offenses (also involving marijuana), he was eligible to be sentenced as a career offender. His guidelines range was 262 to 327 months in prison. The district judge sentenced him to 276 months.

He does not question the accuracy of the judge's guidelines computation. But he challenges the sentence as being nevertheless unreasonably long because his previous

offenses were nonviolent and involved only marijuana rather than a more dangerous drug, because he provided substantial assistance to the government, because he will be in his late sixties when he is released from prison, and because he was (he claims) coerced into committing the offense of conviction by his partners in a previous drug enterprise, to whom he owed $500,000.

These are exceedingly poor reasons for questioning the reasonableness of his sentence. In depreciating crimes that involve marijuana and are not violent, Gonzalez is quarreling with Congress's judgment that nonviolent offenses involving marijuana are serious crimes. A judge cannot properly exercise lenience because he disagrees with a legislative judgment. *United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006). This includes a legislative judgment made by the Sentencing Commission as Congress's delegate. *United States v. Wallace*, No. 05-3675, 2006 WL 2338021, at *6 (7th Cir. Aug. 14, 2006). True, the judge is not required to give a guidelines sentence (unless that sentence is prescribed by a statute), but he is not permitted to say, "I believe the Commission selected the wrong sentencing range for marijuana dealers and so I am not going to sentence the defendant within that range." Instead what he can say is that he is exercising his discretion to impose a sentence that is outside the guidelines range but consistent (as it must be) with the sentencing criteria found in 18 U.S.C. § 3553(a). Although the judge is not required to follow the guidelines, he is required to consider them; "the district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005). He cannot refuse to consider them on the ground that he would have drafted them differently from how the Sentencing Commission drafted them.

Gonzalez committed the offense of conviction less than two months after being released from prison upon completion of a 94-month sentence for a major drug offense—a sentence that would have been twice as long had he not rendered substantial assistance to the government—and it is predictable that if he received a similar discount in this case he would be back in the drug business as soon as he completed his sentence. His defense of coercion is based on that same prior offense—it was the disruption of the drug dealings involved in that offense by his arrest that left him with a debt to his partners in crime. He would like to lever substantial assistance and what he calls "imperfect" coercion into a steep sentencing discount (his lawyer told us that a sentence of 100 to 125 months would be reasonable, implying that anything higher than 125 months would be unreasonable), a discount that would shorten his sentence to the point at which his sojourn in prison would merely interrupt rather than terminate his career as a drug dealer. Imprisoning him until retirement age may be the minimum sentence that will prevent him from resuming his criminal career—or so at least the district judge could find without being thought to have been unreasonably harsh.

All these points would hardly be worth repeating in an opinion were it not for our concern lest criminal defendants confuse a debatable sentence with an unreasonable one and as a result waste their time and ours by filing frivolous appeals. (On the meaning of "unreasonable" in this context, see our recent, extended discussion in *United States v. Wallace, supra*.) A sentence of 276 months is long, and since it is not a statutory minimum and the sentencing criteria in 18 U.S.C. § 3553(a) are vague, the judge would not have been acting unreasonably had he given Gonzalez a shorter sentence, though this would depend on how much shorter and on the judge's explanation for the sen-

tence. But because the criteria *are* vague, a sentence that is within the guidelines range and thus coincides with the judgment of the Sentencing Commission not only is presumptively reasonable, as the cases say, e.g., *United States v. Demaree*, 2006 WL 2328665, at *3 (7th Cir. Aug. 11, 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), but, as this formula implies, will very rarely be upset on appeal.

By the same token, a sentencing judge who, as he is required to do, deals conscientiously with the defendant's principal arguments for a sentence, below the guidelines range, that is based on the statutory criteria, as in *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005); *United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006); *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), will be reversed only in a very exceptional case. *United States v. Wallace*, No. 05-3675, 2006 WL 2338021, at *5 (7th Cir. Aug. 14, 2006); *United States v. Vaughn*, 433 F.3d 917, 924 (7th Cir. 2006); *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005). The present case, rather than being exceptional, is routine. The factors that the defendant points to as mitigating his guilt are the normal incidents of a career in the illegal drug trade, a career to which the defendant has demonstrated a commitment unshaken by the experience of protracted imprisonment. His sentence was reasonable.

The lawyer for Gonzalez's accomplice and codefendant Hernandez has quite rightly filed an *Anders* brief explaining why his client has no nonfrivolous grounds of appeal. We dismiss Hernandez's appeal and discharge her lawyer; and we affirm the judgment in Gonzalez's case.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*