In the

# United States Court of Appeals
### For the Seventh Circuit

_____

No. 05-1894

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EVERADO AVILA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 1:03–CR–00057—**Theresa L. Springmann**, *Judge.*

_____

ARGUED SEPTEMBER 22, 2006—DECIDED OCTOBER 13, 2006

_____

Before POSNER, ROVNER, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* The defendant was indicted along with a number of others for conspiracy to distribute cocaine and marijuana and for possession of marijuana with intent to distribute it. The first charge carried a statutory maximum prison sentence of 20 years and the second of 5 years. Just before the trial began, the defendant pleaded guilty to the second charge pursuant to an informal agreement with the government that it would drop the first charge. The judge imposed the statutory maximum of 5 years and the defendant appeals on the ground that the judge misapplied the sentencing guidelines.

In the course of an investigation of the 148th Street Latin Kings, a criminal gang in Hammond, Indiana, the police discovered in defendant Avila's home marijuana along with two hats marked with the Latin Kings' symbol (a crown, naturally) and letters written to Avila by members of the Latin Kings. It was the marijuana found in the search that Avila was convicted of possessing with intent to distribute. If that were all there was to this case, the guidelines range for Avila's crime would have been zero to six months. But the probation service reported that Avila had—though there is no indication of when—been given cocaine by one of his codefendants to be cooked into crack, and that Avila did cook it, and in addition that six months before the marijuana was found in his home he had fired a gun at members of another gang (that is, not the Latin Kings), apparently in retaliation for his brother's having been murdered by members of that gang. The crack and gun episodes, treated by the judge as relevant conduct (though without explanation beyond reference to the presentence investigation report), jacked up the guidelines sentencing range for Avila's possession of marijuana with intent to distribute it from zero to six months to 87 to 108 months, but the judge could not go above 60 months because that was the statutory ceiling.

Avila contends that the crack and gun episodes were not relevant conduct. To count as relevant conduct and thus influence the guidelines range, conduct must be "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). The government argues that Avila was a member of the Latin Kings and that his marijuana, crack, and gun offenses were all part of the gang's activities. There are three problems. The first is that there is negligible evidence that Avila was a member of the Latin Kings. Other people lived in the house besides

himself, and there is no indication of where in the house the two hats were found. The letters from the Latin Kings did not identify him as a member or discuss criminal activities. Nothing of the abundant evidence obtained in the police investigation of the gang, whch included address books, surveillance photos, and taped conversations, mentioned Avila. He had some association with members of the gang, plainly; but guilt by association is not a permissible basis for a sentence enhancement. *United States v. Irvin,* 87 F.3d 860, 866 (7th Cir. 1996).

Even if Avila was a member of the Latin Kings, it does not follow that his cooking cocaine given him by another member (for his codefendants were members of the gang) or his shooting at members of a rival gang were acts done on behalf of the gang, rather than being purely personal. We have no idea when the cooking occurred; and he had a purely personal motive for shooting at members of another gang who had murdered his brother.

And even if he was a member of the gang *and* it was part of his work as a member to cook cocaine, it does not follow that the cooking, let alone the shooting, was part of the same course of conduct, or scheme, or pursuant to the same plan, as selling maijuana. The government has confused gang membership with membership in a conspiracy, forgetting that "to join a conspiracy…is to join an agreement, rather than a group." *United States v. Townsend*, 924 F.2d 1385, 1390 (7th Cir. 1991); see also *United States v. Gibbs,* 182 F.3d 408, 430 (6th Cir. 1999); *United States v. Garcia,* 151 F.3d 1243, 1246 (9th Cir. 1998); *United States v. Robinson,* 978 F.2d 1554, 1563 (10th Cir. 1992). One might join a golf club because it had a nice dining room and swimming pool, yet never play golf. And one might join a gang to feel like a big shot or to obtain immunity from being beaten up by gang members,

without participating in the gang's criminal activities. The Latin Kings who were charged with Avila, and with whom he would have been tried had he not pleaded guilty, were convicted of conspiring to sell drugs, including crack, but there is no evidence that Avila was a member of that conspiracy; for that matter, there is no evidence that the Latin Kings conspired to retaliate against the murderer of Avila's brother.

One can of course plan to commit a series of separate crimes without having to join a conspiracy, which requires concerted action by at least two people. *United States v. Scarbrough*, 990 F.2d 296, 298 (7th Cir. 1993). Avila might have had a plan to sell marijuana, cook crack, and shoot his brother's murderers. That is pretty implausible, however, and there is no evidence of it—no evidence of when he cooked the crack and no connection shown between his selling marijuana and his attempt to revenge the murder of his brother. So far as appears, his three acts, two of which were used as relevant conduct to jack up his sentence for the third, were wholly unrelated to each other.

The guidelines range really was just zero to six months, and so the sentence must be vacated and the case remanded for resentencing—which is not to say that the district judge cannot give him a longer sentence than six months. The guidelines are merely advisory, and a sentence above or below the applicable guidelines range will be affirmed (provided it is within the statutory limits) if reasonable. The judge could well conclude that Avila's other criminal activities (besides possession of marijuana with intent to sell it), though they were not relevant conduct and hence did not affect the guidelines range, warranted a heavier punishment. But the sentencing judge is required to consider the guidelines before picking a sentence, *United States v. Booker*,

543 U.S. 220, 264 (2005); *United States v. Gonzalez*, 2006 WL 2588951, at *1 (7th Cir. Sept. 11, 2006), and this entails a correct understanding of their application to the defendant's conduct.

REVERSED AND REMANDED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*