**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2006[*]
Decided November 29, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1661

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 04-CR-167 |
| WILLIE R. HUBBERT, *Defendant-Appellant.* | Charles N. Clevert, Jr., *Judge.* |

**O R D E R**

A gun fell out of Willie Hubbert's pants during a struggle with Milwaukee police officers. A jury found Hubbert guilty of unlawfully possessing a firearm following a felony conviction, in violation of 18 U.S.C. § 992(g)(1), and he was sentenced to 92 months' imprisonment. Hubbert now appeals, arguing that his sentence, which falls at the bottom of the properly calculated guidelines range, is unreasonable. We affirm.

---

[*]Although oral argument was originally granted in this case, the appellant, with no objection from the government, moved to waive oral argument. An order granting the motion and vacating oral argument was entered on September 22, 2006, and the case was submitted on the briefs and record. *See* Fed. R. App. P. 34(f).

At his sentencing Hubbert objected to the addition of one point to his criminal history score for a prior loitering offense. The district court sustained this objection, but then added one point for a marijuana offense that the probation officer had not counted because it was related to the loitering offense. *See* U.S.S.G. § 4A1.2(a)(2). This placed Hubbert in criminal history category V, which, combined with a total offense level of 24, yielded a guidelines imprisonment range of 92 to 115 months. *See* U.S.S.G. Ch. 5, Pt. A. The district court acknowledged that the guidelines are not mandatory, *see United States v. Booker*, 543 U.S. 220, 245 (2005), and considered the factors set forth in 18 U.S.C. § 3553(a). The court then sentenced Hubbert to 92 months' imprisonment and three years' supervised release.

Hubbert does not argue that the district court miscalculated his guidelines imprisonment range. But he apparently believes that, in the exercise of its post-*Booker* discretion, the court could have—and should have—declined to assess a criminal history point for his seven-year-old marijuana conviction. Without that point the imprisonment range would have been 77 to 96 months, *see* U.S.S.G. Ch. 5, Pt. A, and Hubbert assumes that, had the court adopted the lower range, it would have sentenced him to 77 months' imprisonment. He further asserts that a 77-month sentence would better achieve the sentencing goals enumerated in § 3553(a).

Hubbert is plainly wrong if he thinks the district court was free to disregard his prior conviction when it applied the guidelines. As we have stated, "[e]ven in the post-*Booker* era, the first step in imposing a sentence is properly to calculate a Guidelines range." *United States v. Hawk*, 434 F.3d 959, 962 (7th Cir. 2006); *United States v. Robinson*, 435 F.3d 669, 700-01 (7th Cir. 2006)*; see Booker*, 543 U.S. at 259. Even if the district court agreed with Hubbert that assessing a criminal history point for a seven-year-old marijuana conviction is unreasonable, it was not empowered to ignore the Sentencing Commission's contrary judgment as expressed in the guidelines. *See United States v. Gonzalez*, 462 F.3d 754, 755 (7th Cir. 2006); *United States v. Wallace*, 458 F.3d 606, 611 (7th Cir. 2006). As we stated in *Wallace*, "[o]nly after computing the guidelines range . . . does the district judge have discretion to impose a sentence that is above or below that range." *Id.* Accordingly, the reasonableness of Hubbert's prison sentence must be measured against the properly calculated range of 92 to 115 months and not, as Hubbert apparently suggests, against a range of 77 to 96 months.

Because the district court imposed a sentence within the guidelines range, it is presumptively reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). To rebut that presumption, Hubbert must show that his sentence is unreasonable in light of the 18 U.S.C. § 3553(a) factors. *Id.* The sentencing judge must give meaningful consideration to the § 3553(a) factors, but she need not discuss and make findings as to each of them. *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005); *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005);

*United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1047 (7th Cir. 2005). If the judge ignored a relevant consideration or "unreasonably discounted a factor so weighty as to compel a sentence outside of the Guidelines range," we may intervene. *United States v. Blue*, 453 F.3d 948, 954 (7th Cir. 2006). But we will not vacate a sentence merely because we might have imposed a different one. *United States v. Gonzalez*, 462 F.3d 754, 756 (7th Cir. 2006); *Williams*, 425 F.3d at 481. As long as the district judge imposed the sentence for reasons that are logical and consistent with the § 3553(a) factors, we will not disturb it. *Id.*

Here, the district court gave meaningful consideration to the § 3553(a) factors. The court highlighted the circumstances of the offense—finding that Hubbert had jeopardized both his own and the officers' lives by fighting with them—as a substantial reason for sentencing within the guidelines range. The court noted Hubbert's substantial criminal history (his prior convictions included possessing cocaine with the intent to distribute, assault and battery, and vehicular theft), but also considered Hubbert to be "youthful, and certainly not beyond rehabilitation." The court also acknowledged that Hubbert "has a family which clearly needs him." And while the court did not explicitly mention "deterrence" or "protecting the public," it was not required to go through the § 3553(a) factors in checklist fashion. *Dean*, 414 F.3d at 729. Hubbert's reasonableness argument is thus without merit.

Accordingly, the judgment of the district court is AFFIRMED.