NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 12, 2007
Decided December 21, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-1927

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 07 CR 12 |
| TURVELL HOWARD, *Defendant-Appellant*. | John C. Shabaz, *Judge*. |

**O R D E R**

Turvell Howard pleaded guilty to possessing ammunition as a felon, *see* 18 U.S.C. § 922(g)(1), and the district court sentenced him to 87 months' imprisonment. On appeal Howard argues that (1) this court's decision in *United States v. Miller*, 450 F.3d 270 (7th Cir. 2006), has created a *de facto* mandatory sentencing guidelines scheme, (2) the sentence imposed by the district court was greater than necessary to comply with the purposes of federal sentencing and was thus unreasonable, and (3) the presumption of reasonableness given to a within-guidelines sentence conflicts with both the Sixth Amendment and 18 U.S.C. § 3553(a). Howard misreads our opinion in *Miller*, which specifies that the guidelines are advisory, not mandatory. Additionally, as is clear from the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), and *Rita v. United States*, 127 S. Ct. 2456 (2007), district courts are required

to consult the guidelines and the § 3553(a) factors when fashioning a sentence and, once the district court has done so, appellate courts are permitted to presume that a sentence with a properly calculated guidelines range is reasonable. That is precisely what occurred in this case, and Howard has not mentioned any factor that the district court should have considered. We therefore affirm.

## I. Background

Police officers in Madison, Wisconsin, were warned that someone was selling cocaine and also using marijuana in Howard's apartment, so they obtained a search warrant for the residence. In December 2006 officers executed the warrant and found bullets and drug paraphernalia, among other items, in Howard's bedroom. Officers arrested Howard a few days later.

In February 2007, the government charged Howard with possessing ammunition as a felon, in violation of § 922(g)(1). He immediately pleaded guilty. Howard's total offense level was calculated at 21, but his previous convictions resulted in a criminal history category V, which yielded a guidelines imprisonment range of 70 to 87 months. At sentencing when the district court invited allocution, Howard's counsel simply replied that Howard "asks the court to consider him as a human being and sentence him accordingly." Howard himself said nothing. The district court noted that Howard has a history of drug offenses going back to age 19 (he is 29), and that he had not been deterred by his "medical difficulties." A shooting in October 2003 left Howard paralyzed from the chest down, and he has experienced many complications including bed sores, ulcers, and blood and bone infections. The court declared that Howard was a threat to the community, and that the nature of the offense and characteristics that he exhibited suggested that a sentence at the high end of the advisory guidelines range was necessary. The district judge emphasized that the sentence was meant to protect the community from further criminality, achieve parity with similarly situated defendants, and give Howard the opportunity to participate in substance-abuse treatment. The court sentenced Howard to 87 months' imprisonment.

## II. Analysis

On appeal Howard does not challenge his guilty plea or the district court's calculation of the advisory guidelines range. He instead contends that our decision in *Miller* "send[s] a strong message to district courts and attorneys alike that the guideline scheme enacted by Congress is mandatory despite the Sixth Amendment to the United States Constitution and the Supreme Court's holding in *Booker*." This argument is frivolous. In *Miller* the defendant argued that his sentence was unreasonably high because the district court did not discount for the difference in treatment between crack and powder cocaine. *See id.*, 450 F.3d at 274-75. We explained that, although district judges have more discretion in determining

sentences post-*Booker*, they are not permitted to disregard legislative decisions. *See id.* at 275-76. We also made clear that differing sentences that are caused by legal rules, such as the existence of fast-track programs in some districts, cannot be said to create unwarranted disparities. *See id.* Howard asserts that *Miller* holds "that all sentences within the guideline range are reasonable," but he simply misunderstands the opinion.

Howard also claims that the district court did not follow the "parsimony provision" of § 3553(a), which states that "[t]he court shall impose a sentence sufficient, but not greater than necessary," to comply with the goals of sentencing. We review sentences imposed by the district court for reasonableness. *See United States v. Dale*, 498 F.3d 604, 608 (7th Cir. 2007); *United States v. Jung*, 473 F.3d 837, 844-45 (7th Cir. 2007). A sentence that is reasonable is entirely consistent with the parsimony provision. *See United States v. Ministro-Tapia*, 470 F.3d 137, 141-42 (2d Cir. 2006). Here the district court focused primarily on the need to reflect the seriousness of the offense, to deter future criminal conduct, to protect the community, and to provide Howard with treatment for his substance addictions. *See* 18 U.S.C. § 3553(a)(2)(A), (B), (C), (D). Howard argues that "[a]t no time during Mr. Howard's sentencing hearings did the sentencing court explain why a sentence outside of the 'presumptive sentencing guideline scheme' might be meet [sic] the requirements of 18 U.S.C. § 3553(a)," but district judges are not required to discuss each sentencing factor individually or explain why the court did not select a different sentence. *See United States v. Gonzalez*, 462 F.3d 754, 755-56 (7th Cir. 2006); *United States v. Lopez*, 430 F.3d 854, 857 (7th Cir. 2005).

Howard's final argument is that the presumption of reasonableness given to a within-guidelines sentence conflicts with both the Sixth Amendment and § 3553(a). This claim has been foreclosed by the Supreme Court's decision in *Rita*. Howard filed his opening brief roughly two weeks before *Rita* was decided, but he chose not to acknowledge *Rita* in his reply brief. We previously have warned against this sort of "ostrich-like" behavior. *See Larimer v. IBM*, 370 F.3d 698, 703 (7th Cir. 2004); *Monroe v. Children's Home Assoc. of Ill.*, 128 F.3d 591, 594 (7th Cir. 1997).

AFFIRMED.