NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued July 12, 2011
Decided August 23, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1543

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-30066-001 |
| CORY J. CALL, *Defendant-Appellant*. | Richard Mills, *Judge*. |

**O R D E R**

Cory Call is serving 97 months in prison. In this direct appeal he principally claims that the district court applied an impermissible presumption of reasonableness when deciding to impose a sentence within the guidelines range. We reject this contention and affirm Call's sentence.

In August 2010 an informant reported seeing marijuana growing at Call's residence in Quincy, Illinois. Police obtained and executed a warrant to search Call's home, netting an assault rifle, a handgun, ammunition for both, drug paraphernalia, and almost 1.5 kilograms of marijuana. A grand jury charged Call with possessing marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), possessing a firearm in furtherance of a drug trafficking

crime, 18 U.S.C. § 924(c)(1)(A), and possessing a firearm as a felon, *id.* § 922(g)(1). The government notified Call that it would seek to enhance his sentence on the marijuana charge based on his prior convictions for felony drug offenses, 21 U.S.C. § 851, and five weeks after he was indicted, Call pleaded guilty to all three counts without benefit of a plea agreement.

The probation officer grouped the counts arising under § 841(a)(1) and § 922(g), *see* U.S.S.G. §§ 3D1.1 to 3D1.4, and for that group calculated a total offense level of 17 (the base offense level of 20 for the § 922(g) count, U.S.S.G. §§ 2K2.1(a)(4)(A), 3D1.3(a), less three levels for acceptance of responsibility, *id.* § 3E1.1(a), (b)). That figure, coupled with Call's criminal history category of IV, yielded a guidelines imprisonment range of 37 to 46 months for the group. *See id.* § 5A (Sentencing Table). The probation officer also noted that, by statute, the § 924(c) conviction mandated at least another 60 months to run consecutively to the prison term for the grouped counts. *See* 18 U.S.C. § 924(c)(1)(A)(I).

 After reviewing the presentence report, Call filed a memorandum in which he argued that the "parsimony provision" of 18 U.S.C. § 3553(a), which directs district courts to impose sentences "sufficient, but not greater than necessary" to comply with the sentencing goals of the statute, warranted a below-range sentence of 24 months for the grouped counts plus the mandatory 60-month term on the § 924(c) count for a total of 84 months. In support of this argument, Call cited his longstanding work record in the airline industry and touted himself as a man of good character who is devoted to his family. He attached several letters of support (including letters from his former employer, his father-in-law, his wife, and an acquaintance in law enforcement). Call acknowledged that his criminal history was "significant" for someone who was only 31, and he confessed to a lengthy period of daily marijuana and methamphetamine use that continued "up to the day of his arrest." But he asserted that his criminal record reflects that he responds well to supervision and thus his sentence should favor supervision over incarceration. Finally, he cited the probation officer's conclusion that little evidence existed linking the guns in his home to the marijuana he was growing there. As a result, he argued, the 60-month minimum required by § 924(c) already overstated the severity of his crimes. Call concluded by reminding the district court that it was "obligated to not presume a within-Guidelines sentence is reasonable."

At sentencing neither party objected to the guidelines calculations. The government recommended a 41-month sentence for the grouped counts and a consecutive term of 60 months for the § 924(c) count, for a total of 101 months. The government also sought to refute Call's assertion that the link between his guns and drugs was weak, pointing out that the assault rifle was propped next to, and the handgun found inside, a safe containing several baggies of marijuana and ammunition for each weapon. Call reiterated his written arguments seeking a total term of imprisonment of 84 months.

After hearing out the parties, the district judge noted that he was "particularly disturbed in this case" because Call would be in prison separated from his family for a lengthy period. The sentencing judge made clear that he was particularly moved by the "superb" letters offered in support of Call by his wife and father-in-law and by what he viewed as Call's "tremendous work ethic." He juxtaposed all of this, however, against Call's drug addiction and the circumstances of his crimes:

> So—and the only thing is your drug addiction that causes all this. You're a great father, you love the kids, your wife. And it all comes back full circle to the one single problem that you've got. And it's causing you a lot of time to be served regardless of how I cut this baby down the middle or in a section or whatever. We're talking only a few months difference between the Government and your counsel.

> The big thing is the five years you've got to do. The mandatory. I don't have any control over that. The Congress has said that for this offense under Count 2 you've got to do it. And there's no leeway, we don't have any discretion.

> There was a time when we didn't have sentencing guidelines. I remember those days fondly, fondly. But not now. We all wear the construction of the corset of the sentencing guidelines. That's just the way it is.

> So it's been kind of a shocker to read all this. And you immediately cooperated with the Government, you turned around, you pled guilty right down the pike, and you did it the next instance of course. It was a very short period of time. We normally don't have this at all. There's usually an extension of time between arrest and cooperation that comes slowly or in stages, but you did it right off the bat.

> And even though you didn't know that having those weapons there was going to have such an effect upon your sentence, ignorance of the law is no excuse. You can't have those. Here you've got an assault rifle of all things. Then you've got another handgun. And it's all available to you.

> Now, granted, they weren't loaded. And the ammo was in the safe. But there it is. And who knows, what would the police officers when they come in there think when they see all that? They assume, and rightly so, that

they're loaded. And for their own protection and protection of all the law enforcement personnel around, they have to assume it. And it is there and it's leaning right up against the safe. And you've got that stuff, the drugs right there on the top, plus other areas.

So this is serious business. It can't just be—I understand [defense counsel's] argument. But I'm not going to fiddle around with shaving this and shaving that off of here and so forth.

Well, time to fish or cut bait. So here we go.

Now, the Government wants to tack on a few months from 37 down the bottom of the guidelines up to 41. We're talking four months. Four months. And your counsel wants to go below that, wants to go below the guidelines a few months. Well, we're going to stick with the guidelines. We're going to go the minimum, the bottom line of the guidelines, 37 months on Counts 1 and 3. And then of course Count 2 is 60 months and that's got to go consecutive. So that gives you a total of 97 months.

On appeal Call raises two related arguments. He first argues that the district court erred by presuming that an imprisonment term within the guidelines range would be reasonable and, in doing so, placed a "thumb on the scale" in favor of the guidelines range. *See United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007); *see also United States v. Johnson*, 635 F.3d 983, 988-89 (7th Cir. 2011); *United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010); *United States v. Ross*, 501 F.3d 851, 853 (7th Cir. 2007). Call also makes the alternative (but closely related) argument that the sentencing court did not develop a record sufficient to show that it knew the guidelines to be advisory. Call assumes that, because the district court stayed within the guidelines range after commenting favorably on several of Call's arguments in mitigation, the court must have presumed that a sentence within the range is reasonable. Call even accuses the district court of ignoring § 3553(a)'s "parsimony" provision outright, since, Call insists, the 60-month mandatory term for his § 924(c) violation would have been a sufficient sentence without any additional prison time for his other crimes.

We are not persuaded. A review of the sentencing record shows that the district court was aware both of its discretion under guidelines and its responsibility not to presume that a guidelines sentence would be reasonable. In the wake of *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court has emphasized that, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark" for the sentencing judge. *Gall v. United States*, 552 U.S. 38,

49 (2007). Moreover, the Court has explained, sentencing judges should "remain cognizant" of the guidelines, *id.* at 50 n.6, a point that this court (and others) has made repeatedly, *United States v. Glosser*, 623 F.3d 413, 418 (7th Cir. 2010); *United States v. Brown*, 610 F.3d 395, 397-98 (7th Cir. 2010); *United States v. Corner*, 598 F.3d 411, 415 (7th Cir. 2010) (en banc); *United States v. Kirkpatrick*, 589 F.3d 414, 416 (7th Cir. 2009); *United States v. Abbas*, 560 F.3d 660, 666 (7th Cir. 2009); *United States v. Omole*, 523 F.3d 691, 697 (7th Cir. 2008).

And contrary to what Call says, the record here provides no support for a conclusion that the sentencing court wasn't aware of its responsibilities or discretion. The defense advocated a sentence 13 months below the bottom of the guidelines range; the prosecution sought a sentence 4 months above it (and just below the mid-point of the range). The sentencing court's choice to impose a prison sentence at the bottom of the guidelines range after expressing a disinclination to "fiddle around with shaving this and shaving that off of" Call's sentence evidences that the court well knew that it could give Call less time if it saw fit. *See United States v. Coopman*, 602 F.3d 814, 817 (7th Cir. 2010); *United States v. Allday*, 542 F.3d 571, 573-74 (7th Cir. 2008); *United States v. Diaz*, 533 F.3d 574, 576-77 (7th Cir. 2008). And Call's own sentencing memorandum had reminded the sentencing court both of its discretion to impose a below-range sentence and of this court's admonishment against any trial-court presumption in favor of guidelines sentences. So both principles were fresh in the mind of the sentencing judge.

Moreover, contrary to past cases where we have expressed concern, there is no indication that the sentencing judge believed he had "no choice" but to impose a guidelines sentence or that he felt that his discretion was cabined. *See, e.g., Johnson*, 635 F.3d at 988-89; *Panice*, 598 F.3d at 441; *Ross*, 501 F.3d at 853. It is true that the judge lamented "the corset of the sentencing guidelines"—a phrase that taken out of context might suggest that the district court believed itself to be under an external constraint. It is also true that the judge acknowledged many positive facts about Call (chief among them his strong work ethic and family and community support). But the court's remarks were not wholly positive: When deciding on the appropriate sentence, the court juxtaposed these positive attributes and factors directly against the fact that Call's admitted addiction to both marijuana and methamphetamine has consistently driven him to criminal activity and against the circumstances of his crimes. And Call tempered the strength of his own argument by admitting that his criminal history is particularly significant for someone his age.

Finally, contrary to Call's "parsimony" argument, the sentencing court did not ignore his argument regarding the severity of the 60-month sentence. Instead, the court considered and explicitly rejected this argument in light of the danger posed by the proximity of the guns—loaded or unloaded—to Call's drug stash. In any event this argument, which is available to every defendant who uses a firearm in connection with a drug trafficking offense or a crime of violence, is just the sort of widely applicable "stock"

argument that the sentencing court could reasonably have passed over in silence. *See, e.g., United States v. Garcia-Oliveros*, 639 F.3d 380, 382 (7th Cir. 2011); *United States v. Hall*, 608 F.3d 340, 347 (7th Cir. 2010); *United States v. Young*, 590 F.3d 467, 474 (7th Cir. 2009); *United States v. White*, 582 F.3d 787, 798 (7th Cir. 2009); *United States v. Tahzib*, 513 F.3d 692, 694-95 (7th Cir. 2008).

AFFIRMED.