NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 4, 2011
Decided November 14, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3512

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 09-30041-001 |
| STEVEN JONES, <br> *Defendant-Appellant*. | Richard Mills, <br> *Judge*. |

**O R D E R**

Steven Jones pleaded guilty to possessing cocaine base with the intent to distribute, *see* 21 U.S.C. § 841(a)(1), and was sentenced at the bottom of his guidelines range to 262 months' imprisonment. On appeal he contends that the district court procedurally erred by (1) not explicitly discussing the factors under 18 U.S.C. § 3553(a); (2) ignoring his arguments in mitigation about his advancing age and cooperation with the government; and (3) presuming that a within-guidelines sentence was reasonable. We affirm the judgment, but we emphasize that the court's articulation of the factors under § 3553(a) was just enough to meet the procedural requirements of sentencing.

Jones traveled with a companion—an undercover government informant—from Quincy, Illinois to St. Louis, Missouri to purchase crack cocaine. Responding to the informant's tip, police officers stopped Jones in his vehicle after he crossed the bridge from Missouri to Illinois, and canines alerted officers to the presence of drugs. The informant then turned over 10.7 grams of cocaine base to the officers. Jones later admitted to purchasing crack cocaine from his source in St. Louis. Following his indictment on one count of drug possession with intent to distribute, Jones moved to suppress evidence from the traffic stop and interview. The district court denied the motion, adopting the recommendation of a magistrate judge who found, after an evidentiary hearing, that the police officers had probable cause to stop Jones's vehicle. The day before trial, Jones pleaded guilty. He later filed two pro se motions to withdraw that plea; the court denied those motions.

The district court adopted the probation officer's calculated guidelines range of 262 to 327 months' imprisonment (reflecting a base offense level of 32, a two-level increase based on Jones's career-offender status, *see* U.S.S.G. § 4B1.1(a), and a Category VI criminal history). In doing so, the court noted that the guidelines range is advisory and acknowledged that it could impose a sentence outside the range. The court denied any reduction for acceptance of responsibility based on Jones's waiting until the eve of trial to plead guilty and later moving to withdraw that plea. Next the court heard the prosecutor's argument that Jones should receive a 262-month sentence because he had cooperated only partially with the government to help secure convictions against other people. Defense counsel countered that Jones deserved a below-guidelines sentence of 240 months based on his partial cooperation with the government; this cooperation, counsel noted, assisted authorities in gaining at least six other convictions, though counsel acknowledged that Jones "grew frustrated with the cooperation process" because the government deemed some of his information unhelpful and Jones "did start to backpedal on his cooperation." Counsel also argued that Jones's advancing age—51 years—meant he would likely die in prison if sentenced to 262 months.

The district court adopted the government's recommendation and sentenced Jones to 262 months. In doing so, the court stated that a defendant's cooperation "has to be 100 percent" to be considered a mitigating circumstance, and here defense counsel and the prosecutor had both described Jones's cooperation as less than 100 percent. After announcing the sentence, the court twice asked defense counsel whether it had "missed" anything; counsel replied no. The court then wished Jones "the best of luck," remarking that Jones "had quite a record" and "a lot of baggage" as described in the presentence report. In the written statement of reasons, the court listed "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "protect[ion to] the public from further crimes of the defendant" under § 3553(a) to explain the sentence. The court

also noted Jones's criminal history and conviction for sexual abuse of a minor and wrote that Jones's "history and characteristics suggest that he will have great difficulty becoming a productive member of society."

On appeal Jones raises three procedural challenges to the adequacy of the district court's explanation at sentencing of the factors under § 3553(a), but the government asserts that he raises these for the first time on appeal and that they should therefore be reviewed for plain error instead of de novo. The government characterizes these procedural challenges as forfeited because the court after pronouncing the sentence twice directly asked defense counsel whether it had "missed" anything, and both times counsel said no.

We are not persuaded by the government's position in this case. As the Third and Fourth Circuits have recently explained, a party preserves procedural challenges to the district court's discussion of the § 3553(a) factors so long as the party at some point during sentencing "draw[s] arguments from § 3553 for a sentence different than the one ultimately imposed[.]" *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010); *see also United States v. Fumo*, 655 F.3d 288, 309 (3d Cir. 2011); *United States v. Powell*, 650 F.3d 388, 395 (4th Cir. 2011); *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010); *United States v. Sevilla*, 541 F.3d 226, 231 (3d Cir. 2008); *United States v. Grier*, 475 F.3d 556, 517 & n.11 (3d Cir. 2007) (en banc). *But see, e.g., United States v. Davila-Gonzalez*, 595 F.3d 42, 46–47 (1st Cir. 2010); *United States v. Villafuerte*, 502 F.3d 204, 206–09 (2d Cir. 2007); *United States v. Lopez-Florez*, 444 F.3d 1218, 1219–21 (10th Cir. 2006). "By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." *Lynn*, 592 F.3d at 578. Requiring a party to object to the court's § 3553(a) analysis immediately after the sentencing pronouncement, as the government urges, would result primarily in unhelpful "formulaic" objections, *Lynn*, 592 F.3d at 578 (quoting *United States v. Castro-Juarez*, 425 F.3d 430, 433–34 (7th Cir. 2005)), and unreasonably burden defendants, who would be expected to promptly assert procedural challenges at the same time they were absorbing the impact of the sentencing pronouncement. In this case, Jones adequately preserved his procedural challenges by raising arguments during the sentencing hearing—but before the court pronounced the sentence—about his cooperation and advancing age (characteristics under § 3553(a)(1)) and requesting a sentence that was lower than the one he ultimately received. *See Lynn*, 592 F.3d at 577–79; *Sevilla*, 541 F.3d at 231.

As for Jones's procedural challenges, he first argues that the district court erred by failing to mention explicitly any factors under § 3553(a) before pronouncing the sentence. He also contends that the court should have discussed his criminal record—a factor under § 3553(a)—*before* sentencing him, rather than presenting it "as justification afterwards."

But the district court was not required to mention explicitly any factors under § 3553(a); instead it need only "give an adequate statement of reasons, *consistent with* § 3553(a)" for believing that it was selecting an appropriate sentence. *United States v. Baker*, 655 F.3d 677, 683 (7th Cir. 2011) (internal quotation omitted) (emphasis added). Here the court mentioned Jones's partial cooperation with the government and his extensive criminal record, and the court's discussion was adequate (though we would have preferred a more detailed discussion) because it imposed a within-guidelines sentence. *See United States v. Harris*, 567 F.3d 846, 854 (7th Cir. 2009). It is irrelevant that the court mentioned Jones's criminal record just after announcing the sentence; a court must state its reasons "at the time of sentencing," 18 U.S.C. § 3553(c), as opposed to during a later proceeding, *United States v. Miqbel*, 444 F.3d 1173, 1179–80 (9th Cir. 2006), or solely in a subsequent written statement, *United States v. Molina*, 356 F.3d 269, 277 (2d Cir. 2004). Here the court properly stated its reasons at the time of sentencing because it expressly adopted the presentence report's findings and the record as a whole contained mention—though brief—of factors under § 3553(a), *see United States v. Scott*, 631 F.3d 401, 409 (7th Cir. 2011); *cf. United States v. Salem*, 597 F.3d 877, 887 (7th Cir. 2010). Moreover, the court elaborated upon the sentence in its written statement of reasons, which we read "as an aid to the interpretation of [the judge's] oral statement," *United States v. Pape*, 601 F.3d 743, 747 (7th Cir. 2010); that statement included details of Jones's criminal history to justify the sentence under § 3553(a).

Next Jones argues that the district court erred by not addressing his arguments in mitigation that (1) his partial cooperation assisted the government in securing convictions against several other people and (2) his advanced age—51 years—increased the likelihood that he would die in prison if sentenced within the guidelines.

Neither argument has merit. A defendant's claim that substantial assistance to the government warrants leniency is "routine," we have observed, and thus a sentencing court may reject that claim with little or no explanation. *See United States v. Gonzalez*, 462 F.3d 754, 756 (7th Cir. 2010). And at any rate the district court here did not ignore Jones's argument about the scope of his cooperation. After Jones conceded that he "backpedal[ed]" on his cooperation, the court stated that cooperation "has to be 100 percent," noted that Jones's cooperation was not 100 percent, and accounted for Jones's partial cooperation by sentencing him to the bottom of the guidelines range. The court, in exercising its discretion, was not required to go below the guidelines range to account for that partial cooperation. *See United States v. Arceo*, 535 F.3d 679, 688 (7th Cir. 2008). As for Jones's argument concerning his advancing age, he never explained why his age justified a below-guidelines sentence (for example, by pointing to poor health), and thus the court was not required to address it. *See, e.g., United States v. Nurek*, 578 F.3d 618, 626 (7th Cir. 2009); *United States v. Lee*, 454 F.3d 836, 839 (8th Cir. 2006).

Jones also argues that the district court erred by presuming that a within-guidelines sentence was reasonable. Jones locates this presumption in the court's comments at sentencing: "What [the prosecutor] has done in the final analysis is say on behalf of the government, you've got a bottom line of 262" and "[H]ere we are faced with a minimum of 262 months in the guidelines range." He also proposes that this sentencing judge has applied this same presumption in three other cases pending on appeal before us at the time he filed his brief—*United States v. Call*, No. 11-1543, *United States v. Akins*, No. 11-1303, and *United States v. Pennington*, No. 11-1257.

A sentencing judge may not presume the reasonableness of a within-guidelines sentence, *Gall v. United States*, 552 U.S. 38, 50–51 (2007), but here the district court made no such presumption. The court properly exercised its discretion at sentencing because it explicitly stated that the guidelines are advisory, commented about the propriety of a 262-month sentence in the context of noting Jones's less-than-100 percent cooperation with the government, and adopted the prosecutor's sentencing recommendation. And Jones's assessment of a pattern in the court's sentencing errors is unpersuasive because we recently affirmed the judgments in *United States v. Call*, No. 11-1543, 2011 WL 3678141, at *3–4 (7th Cir. Aug. 23, 2011) (nonprecedential) and *United States v. Akins*, No. 11-1303, 2011 WL 3841087, at *3 (7th Cir. Aug. 31, 2011) (nonprecedential). (We have not yet ruled in *United States v. Pennington*, No. 11-1257.)

AFFIRMED.